THE PEOPLE *ex rel.* Frank A. Rogers, County Treasurer, Appellee, *vs.* THE ODIN COAL COMPANY, Appellant.

*Opinion filed February 19, 1909.*

1. TAXES—*question whether notice was given by board of review is immaterial if party appears.* The question whether notice was given by the board of review before increasing an assessment of property is immaterial if the owner of the property appeared before the board and was given a hearing as to proposed increase.

2. SAME—*mere over-valuation or under-valuation does not establish fraud.* While an assessment of property may be impeached for fraud, yet a mere over-valuation or under-valuation of property does not, of itself, establish that the assessment was fraudulently made.

3. SAME—*when an objection that assessment was increased by board without notice is properly overruled.* An objection that the board of review increased the objector's assessment without notice is properly overruled where it appears from the face of the record that the assessment was increased by the supervisor of assessments and there is no claim that he acted fraudulently or without giving notice.

APPEAL from the County Court of Marion county; the Hon. JOHN H. WEBB, Judge, presiding.

J. J. BUNDY, for appellant.

JUNE C. SMITH, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal by the Odin Coal Company from a judgment of the county court of Marion county overruling certain objections filed by appellant and rendering judgment against it for delinquent taxes assessed against town lots in the village of Odin, owned by appellant. The objections charged that the board of review of Marion county, while in session during the year 1907, without giving any notice to appellant and without hearing any evidence, increased the assessed valuation of lots 3, 4, 5 and 6, of block 4, in Penn's

addition to the village of Odin, from $28,400 cash value as fixed by the assessor of Odin township, to $66,650. Appellant charged that the excessiveness of the valuation, together with the circumstances under which it was made, furnished such evidence of fraud as will warrant the court in setting aside the assessment.

To appellant's claim that the board of review raised the assessment of this property without notice two answers may be given:

*First*—The clerk of the board of review testifies that a notice was sent to the Odin Coal Company, as required by the statute. A record was kept by the clerk containing a list of the persons to be notified, and when the notice was sent an entry was made on the book showing that fact. In addition to the testimony of the clerk the book was introduced, which showed that such notice had been sent as the clerk claimed. Mr. Morrison and Mr. Secor, president and vice-president, respectively, of appellant, testified that they had received no such notice. The notice may have been received by the secretary or some other agent of appellant. The statute provides that the owner of the property or his agent may be notified by mail. Under this state of the proof the county court may have very reasonably concluded that the notice was sent as testified to by Mr. Brinkerhoff, the clerk, and that it fell in the hands of some other officer or agent of the coal company and thus escaped the personal notice of the two officers who testified.

*Second*—Even if no notice was sent, the evidence shows that both the president and vice-president of appellant appeared before the board of review for the purpose of protesting against an increase in the assessment of the coal company. The only purpose of requiring notice to be given to a property owner before raising his assessment is to give him an opportunity to appear before the board and be heard upon the question of the valuation of his property. Where, as in this case, the parties actually appeared before the

board and were afforded a hearing, it is unimportant that the statutory notice was not given.

In respect to the charge of fraud relied on by appellant the evidence is wholly insufficient to justify the court in sustaining that charge. The county court heard evidence *pro* and *con* as to the value of the coal mine located upon the lots in question, and, as is usually the case where the value of real estate is involved, the testimony varied many thousand dollars. The members of the board of review testified that they visited the coal company's mine and made a careful examination of it with a view of forming an opinion as to its value. This examination occurred a short time before the hearing. On behalf of appellant Mr. Morrison testified that in his opinion the value was $25,000. Mr. Secor, vice-president, testified that he thought $25,000 would be a fair valuation for taxation as compared with the assessment on other lands owned by him. He did not testify that $25,-000 was a fair cash value of the property. Mr. Sloan testified, for appellant, that he thought the property was worth $25,000 to $35,000, while Mr. Brode and Mr. Summerville both testified that it was worth from $25,000 to $27,000. Appellee offered to prove that another mining property in the vicinity, similarly situated and of less value than the one in question, had sold, since the assessment was made, for $68,000. This evidence was, however, objected to by appellant and the objection sustained. This is all the evidence in the record bearing upon the question of value. It is apparent that under this evidence the board of review, having made a personal examination of the property in question, might honestly believe that the fair cash value of the property was the amount at which it was valued for taxation.

While an assessment of property may be impeached for fraud, (*State Board of Equalization* v. *People,* 191 Ill. 528,) it is, however, established by numerous decisions of this court that an over or under-valuation of property will

not, by itself and alone, establish that an assessment was fraudulently made. *Union Trust Co.* v. *Weber,* 96 Ill. 346; *Keokuk and Hamilton Bridge Co.* v. *People,* 145 id. 596; *Spring Valley Coal Co.* v. *People,* 157 id. 543; *Barkley* v. *Dale,* 213 id. 614.

We have thus far considered the case as appellant supposed the facts to be when it filed its original brief. There is, however, another conclusive answer to appellant's contention. The assessment of appellant's property was not raised by the board of review at all. Marion county being under township organization, has a supervisor of assessments. The record of the assessment shows that the township assessor valued the property in question at $5900. The township assessor was Peter A. Brode, the witness whose testimony has already been referred to wherein he fixed the value at from $25,000 to $27,000. When this assessment came to the hands of the supervisor of assessments the record shows that he changed the valuation to $66,650, and the record further shows that the board of review assessed the property at one-fifth of the valuation fixed by the supervisor of assessments. Appellant in its reply brief does not dispute what the record shows, but seeks to avoid the situation by contending that the board of review actually made the increased valuation but set it down in the column under the head of "Valuation by Supervisor of Assessments." The evidence, in our opinion, is not sufficient to justify us in treating the entry upon the book as a mere error or mistake. The evidence shows that the board of review had under consideration a proposition to raise the valuation on this property to $80,000. Mr. Morrison and Mr. Secor appeared before the board and protested against such increase, and after an extended interview with the members of the board they left, with the request that the board be as lenient as possible, or something to that effect. It is not unreasonable to suppose that what the board of review considered was whether the valuation ought not to be raised to $80,000 in-

stead of $66,650, as fixed by the supervisor of assessments, and that this proposed raise was the subject matter under consideration when Mr. Morrison and Mr. Secor appeared before the board. However this may be, the fact remains that on the face of the record the increase complained of was not made by the board of review, and there is no charge in the objections filed that the supervisor of assessments acted fraudulently, or without giving notice, in fixing his valuation upon this property.

The judgment of the county court of Marion county is affirmed.

*Judgment affirmed.*