THE PEOPLE *ex rel.* John R. Thompson, County Collector, Defendant in Error, *vs.* JONATHAN BOURNE, JR., Plaintiff in Error.

*Opinion filed October 26, 1909.*

1. TAXES—*tax-payer is entitled to honest judgment of assessing officers.* The tax-payer and the public are alike entitled to the honest judgment of the officers who make and review assessments for general taxes, and if such officers are· actuated by wrongful or malicious motives, resulting in a fraudulent over-valuation, the courts will interpose to protect the tax-payer; but unless the valuation is fraudulently made it cannot be reviewed by the court on application for judgment against the property.

2. SAME—*courts cannot relieve against mere error of judgment of assessing officers.* If property has been assessed higher than it should have been through a mere error of judgment on the part of the officers making the valuation the courts are powerless to relieve against the error, since they can only relieve against fraud, and the fact of over-valuation does not, of itself, establish fraud.

3. SAME—*courts may consider circumstances under which valuation was made.* The circumstances under which a valuation of property for taxation was made may be considered by the courts in connection with the amount, and may be sufficient to show that the valuation was not the result of honest judgment of the assessing officers.

4. SAME—*when valuation cannot be disturbed.* Valuation of property for taxation cannot be disturbed on application for judgment of sale, where the only offered proof is that the valuation was, in fact, greater than the actual value of the property, as such proof is not sufficient to establish fraud.

WRIT OF ERROR to the County Court of Cook county; the Hon. WILLIAM L. POND, Judge, presiding.

GEORGE W. WILBUR, for plaintiff in error.

HARRY A. LEWIS, County Attorney, and WILLIAM F. STRUCKMANN, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is a writ of error to review a judgment and order of sale entered by the county court of Cook county against six lots in Chicago for unpaid general taxes for the year 1907. Objections were filed by plaintiff in error, alleging that the lots were valued at the aggregate sum of $108,550; that said valuation was entered through mistake in extending the same, either by the clerks of the assessor or by the assessor himself, and was greatly in excess of the amount at which the assessor intended to value the same; that the board of review confirmed the valuation, well knowing it to be erroneous and greatly in excess of the true value of the premises; that the full value of the real estate and the improvements thereon did not exceed $75,-000, and that the tax as to the excess above the true value of the real estate was null and void. On the hearing of the objections there was no evidence of any mistake in extending the valuation or of any action by the board of review, but the plaintiff in error offered to prove by his agent, Aaron B. Mead, the value of the several lots on the first day of April, 1907. The court sustained objections to the testimony, and, no further evidence being offered, overruled the objections. Plaintiff in error moved for a new trial, and in support of his motion filed affidavits of said Aaron B. Mead and of Alex. M. Blacklock. The affidavit of Mead stated that for more than twenty years he had paid the general taxes upon the real estate; that the first notice he

received that the assessment on the property had been increased by the board of assessors in the year 1907 was when he obtained the bill for the taxes of that year for which judgment was asked; that upon receiving such notice he filed a petition before the board of review asking that the assessment be reduced to the true value; that upon a hearing said board reduced the assessment, and that the value as fixed by the board of assessors in 1903 and confirmed by the board of review was the usual and fair assessed valuation of the property. The affidavit of Blacklock stated the valuations of the lots in 1903 and 1907, and showed that the valuation was increased about fifty per cent in 1907, and was reduced by the board of review in 1908 to an amount somewhat less than the valuation of 1903. The court denied the motion for a new trial and entered judgment and order of sale.

Quadrennial assessments of real estate under the Revenue law were made in 1903 and 1907. Taxes were levied for the years 1903, 1904, 1905 and 1906 upon the valuation of 1903. The valuation of the real estate in question made in 1907 was much greater than the valuation of 1903, and the taxes in question were levied on the valuation of 1907, which was reduced by the board of review in 1908. The tax-payer and the public are alike entitled to the honest judgment of the officers who make and review assessments, and if such officers are actuated by wrongful or malicious motives, resulting in a fraudulent over-valuation, the court will interpose to protect the tax-payer, but unless the valuation is fraudulently made it cannot be reviewed by the court on application for judgment against the property. If property has been assessed higher than it should have been through a mere error of judgment on the part of the officers making the valuation, the courts are powerless to rectify the error and can only relieve against fraud. (*Keokuk and Hamilton Bridge Co.* v. *People,* 145 Ill. 596.) The fact of over-valuation will not, of itself, establish fraud.

(*Spring Valley Coal Co.* v. *People,* 157 Ill. 543; *Burton Stock Car Co.* v. *Traeger,* 187 id. 9.) The circumstances under which a valuation was made may be considered in connection with the amount, and may be sufficient to show that the valuation was not the result of the honest judgment of the assessing officer. In *State Board of Equalization* v. *People,* 191 Ill. 528, the attending circumstances were considered and were found sufficient to justify the conclusion that fraud in making the assessments had been established; but in this case the plaintiff in error presented to the court nothing except an offer to prove that the valuation was greater than the actual value of the property, which was not sufficient to establish fraud.

    The judgment is affirmed.

                                        *Judgment affirmed.*