(No. 12361.—Reversed and remanded.)

THE PEOPLE *ex rel.* Thomas J. Dale, County Collector, Appellee, *vs.* THE CHICAGO, LAKE SHORE AND EASTERN RAILROAD COMPANY, Appellant.

*Opinion filed February 20, 1919.*

1. TAXES—*State Board of Equalization, in assessing property, may act on its own knowledge without evidence as to value—corporations.* In assessing property the State Board of Equalization may hear evidence in order to ascertain the value but may act upon its own knowledge and judgment without such evidence, and it has the power to increase the valuation returned by the officers of a corporation without hearing evidence impeaching the return.

2. SAME—*an unfair assessment cannot be sustained.* The taxpayer is entitled to the honest judgment of the person or persons elected or appointed to fix the values, and a tax founded on an assessment which from corrupt and malicious motives is made excessive, or is rendered unequal or unfair by fraudulent practices of the officers, or is arbitrarily made at too high a valuation, can not be sustained.

3. SAME—*attending circumstances may be considered to determine whether valuation was honestly made.* In a proceeding for judgment for taxes, on objection that the assessment was arbitrarily made at too high a valuation, the attending circumstances may be looked into to determine whether or not the valuation was honestly made.

4. SAME—*excessive valuation may be evidence of fraud.* Excessive valuation of property does not, of itself, establish fraud, but where the valuation is so grossly out of the way as to show that the assessing body could not have been honest in its valuation and must reasonably have known that it was excessive, such fact is accepted as evidence of fraud.

5. SAME—*the State Board of Equalization cannot disregard its own rules in assessing property.* A valuation of property arbitrarily made by the State Board of Equalization in disregard of the board's own rules as to valuation cannot be sustained.

6. BRIEFS—*statements in briefs as to previous valuation must be supported by record.* The Supreme Court is bound to follow the facts as stated in the record, and mere statements in the briefs of counsel as to the assessed valuations of property for previous years cannot be considered to support an objection that the property has been arbitrarily assessed too high, unless the facts are found in the record.

APPEAL from the County Court of Vermilion county; the Hon. LAWRENCE T. ALLEN, Judge, presiding.

KNAPP & CAMPBELL, and REARICK & MEEKS, (ROYAL B. CUSHING, of counsel,) for appellant. .

JOHN H. LEWMAN, State's Attorney, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Vermilion county overruling objections of the appellant to the application of the county collector for judgment and order of sale for the delinquent taxes of 1917.

The appellant railroad company, as required by law, filed its annual return with the State Auditor, setting forth the property owned by it April 1, 1917, for assessment by the State Board of Equalization. In this statement certain buildings situated on its railroad right of way at Rossville Junction, in said county, were valued at the full cash value at $23,915. The State Board of Equalization, which was authorized to assess the property, under the law, in the year 1917, in accordance with the usual practice of that body organized and appointed its various committees, including a railway committee, to report to the full board what valuations should be placed upon the various properties. The report of the railway committee for the year in question to the State Board of Equalization valued said buildings at six times the value given in the company's report to the State Auditor, and this property was assessed at its one-third value by the State Board of Equalization, in accordance with the full value recommended by the report of the railway committee, at $47,830,—that is, the State Board of Equalization multiplied the company's estimate by six, so that the assessed one-third value is just double the full cash value returned by the railroad company to the State Auditor. The record also shows that the State Board of Equalization had adopted rules which provided that the re-

286 — 37

port of the railway committee should lie over for forty-eight hours after it was made to the State board before action was taken. The rules of said board also provided that it might suspend any of its rules at any time by a two-thirds vote. The report shows that when the railway committee made its report as to the value that should be placed upon appellant's property the rules of the board were suspended by unanimous vote and the board immediately approved said report, and the Auditor certified to the county clerk of Vermilion county the valuation of said property at $47,830 and the assessment was levied and extended on that valuation. Appellant claims that the property was assessed arbitrarily at six times as much as it should have been assessed. It paid one-sixth of the taxes assessed on this property and objected to the payment of the remaining five-sixths.

Counsel for appellant argue that it is manifest from the record that the railway committee of the State Board of Equalization, without any real investigation as to the value of the property in question, increased the valuation certified to by the appellant company to six times such value, and that such increase was made arbitrarily and without any honest discretion being exercised by the railway committee or by the State board. They further argue that the evidence tends to show that the other property in that taxing district, and particularly the farm lands, was valued at not to exceed fifty per cent of its fair cash value as a basis on which to compute the one-third or assessed value; that the extension or attempted collection of taxes on appellant's property, valued at ten or twelve times the rate other property was valued in the same taxing district, is clearly a fraudulent taxation as to appellant's property and contrary to the principles of our Revenue law and of the State constitution. Appellant offered testimony, which was received over objection in the county court, showing that the value of appellant's property was correctly returned in the report

to the State Auditor, and there is no evidence offered by the State controverting this testimony, it being argued by counsel for appellee that evidence as to the actual value was improperly received by the county court.

There can be no question that the State Board of Equalization has the power to increase the valuation of property returned by the officers of a corporation without hearing evidence impeaching the return made by said corporation's officers. Under the State constitution it is the State Board of Equalization which assesses and fixes the value and not the owner. Said board may hear evidence in order to ascertain the value, but it may act upon its own knowledge and judgment as to the real value of the property without such evidence. (*St. Louis, Vandalia and Terre Haute Railroad Co.* v. *Surrell,* 88 Ill. 535.) It is conceded by counsel for appellant that this is the general rule, but it is argued that in enforcing this rule the State Board of Equalization must exercise discretion and judgment in fixing the value. The tax-payer is entitled to the honest judgment of the person or persons elected or appointed to fix the values, and a tax founded on an assessment which from corrupt and malicious motives is made excessive or is rendered unequal or unfair by fraudulent practices of the officers, or whereby property is arbitrarily assessed at too high a valuation, should not be sustained. (*First Nat. Bank* v. *Holmes,* 246 Ill. 362; *Sanitary District* v. *Gifford,* 257 id. 424.) It has been frequently held that excessive valuation of property, of itself, does not establish fraud. (*Burton Stock Car Co.* v. *Traeger,* 187 Ill. 9, and cases cited.) But it was also held in the *Traeger case* that the attending circumstances may be looked into in order to determine whether or not the valuation was honestly made. (See, also, to the same effect, *State Board of Equalization* v. *People,* 191 Ill. 528, and *People* v. *Bourne,* 242 id. 61.) It has also been held that where the valuation is so grossly out of the way as to show that the assessing body could not have been hon-

est in its valuation and must reasonably have known that it was excessive, such fact is accepted as evidence of fraud on its part against the tax-payer. *First Nat. Bank* v. *Holmes, supra; State Board of Equalization* v. *People, supra; Burton Stock Car Co.* v. *Traeger, supra.*

Counsel for appellant concede that mere excessive valuation is not in itself proof of fraud, but they earnestly argue that they not only have shown grossly excessive valuation, but that the record also shows the application of an arbitrary rule in multiplying the valuation given by the officers of the appellant company in their report to the State Auditor by six and fixing six times the real value as the value of the property, and that the State Board of Equalization, when the report of the railway committee was made to it and without giving any reason therefor, arbitrarily set aside the rule requiring the report to lie over for two days before action and adopted the report forthwith, thus making it impossible for the owner to object before the State board as to the valuation fixed by the railway committee. It has been held by this court that a valuation arbitrarily made, in disregard of the board's own rules as to the valuation of property, cannot be sustained. *Calumet and Chicago Canal and Dock Co.* v. *O'Connell,* 265 Ill. 106; see, also, to the same effect, *People's Gas Light and Coke Co.* v. *Stuckart, (ante,* p. 164.)

The argument of counsel for appellant that its property was assessed out of proportion to real estate and other property in the same taxing district has little force on the record here before us. It is true that the testimony of the town assessor showed that the farming lands were assessed at a much less proportion of their real cash value than was the property of appellant, but the testimony of the assessor also shows that the personal property and the town lots were assessed at their full cash value; therefore, under the reasoning of this court in *First Nat. Bank* v. *Holmes, supra,* the objection as to excessive valuation cannot be sustained

on that ground, alone, as fraudulent. Disregarding, however, this question and considering only the other facts found in the record, those facts tend strongly to show that the valuation placed upon appellant's property in question was not the result of the honest judgment of the taxing authorities. This court has held that the "valuation must be the result of honest judgment and not of mere will." (*Chicago, Burlington and Quincy Railroad Co.* v. *Cole,* 75 Ill. 591.) The increasing of the value returned by the appellant company by taking six times the amount in the railway committee's report, and the approval of this report by setting aside, without consideration, the rule requiring reports to lie over two days, would appear on this record to have been done by the assessing authorities arbitrarily and without any good reason.

Counsel for appellee state in their brief that the property was valued for the assessment of the present taxes at the same valuation that the same property was assessed for taxes in 1916; that the property was valued at $60 less in 1915, $70 more in 1914 and $4297 more in 1913. We find nothing in the record showing these facts, and, of course, this court is bound to follow the facts as stated in the record and not the arguments and statements as given in the briefs of counsel, when not supported by the record.

On the record as it now stands we think the conclusion is inevitable that the increase in the assessed valuation of the property here in question by the State Board of Equalization was fixed arbitrarily by the railway committee of said board and said report was arbitrarily approved by the board contrary to its regular rule in acting on such reports, and that therefore the objections of appellant as to the taxes in question should have been sustained as to five-sixths of said taxes.

The judgment of the county court will be reversed and the cause remanded, with directions to sustain the objections as to the taxes.

*Reversed and remanded, with directions.*