Argued January 6; modified February 16, 1937

# CLATSOP COUNTY *v.* OREGON AMERICAN LUMBER COMPANY ET AL.

(65 P. (2d) 1)

In Banc.

*J. F. Hamilton,* of Portland, in pro. per.

*Willis West,* District Attorney, and *Frank Spittle,* both of Astoria, for respondents.

KELLY, J. The question here presented is, whether a property owner, after pursuing the statutory method of petitioning the board of equalization for a reduction in valuation of his property and successively appealing, first, from the order of the board of equalization to the State Tax Commission, and, then from the order of the commission to the circuit court, where the matter is pending when suit is instituted to foreclose delinquent tax certificates, may interpose the defense of fraudulent overvaluation in such suit.

Such defense was alleged in appealing defendant's answer; a demurrer was interposed thereto and the trial court sustained the demurrer.

█ Mere excessive valuation of property, for the purpose of assessment, is not available as a defense, but intentional or fraudulent disregard of the statutory requirement, in that regard, constitutes a defense in so far as the assessment is increased by such fraudulent overvaluation: 61 C. J. Subject: Taxation, p. 1145, § 1555, note 67, citing *People v. Chicago L. S. & E. R. Co.,* 286 Ill. 576 (122 N. E. 109); *People v. Bourne,* 242

Ill. 61 (89 N. E. 690); *People v. Odin Coal Co.,* 238 Ill. 279 (87 N. E. 410); *Otter Tail County v. Batchelder,* 47 Minn. 512 (50 N. W. 536); *Randals v. State,* (Tex. Civ. App.) 15 S. W. (2d) 715.

█ The trial court erred in sustaining the demurrer of plaintiff to this defense.

In the case of *Otter Tail Co. v. Batchelder,* supra, the Minnesota supreme court say:

"* * * The law contemplates, as a necessary, indispensable step in the process of taxation, the honest exercise of the judgment of such officers, to the end that all taxable property may be assessed at its actual value, and so equality of taxation secured, so far as is reasonably practicable. If this requirement may be disregarded, and the mere will, prejudice, favor or self-interest of the assessor, and not the certain and uniform rule prescribed by the statute, is to be allowed to control his action, the people would be subject to the greatest wrong, and the constitution and statutory rule of equality in taxation would be of little avail. It may safely be concluded that under this law, recognizing the right to defend in respect to taxes 'partially, unfairly, or unequally assessed,' it was contemplated that a property owner might show in defense, or in reduction of the tax charged upon his property, that the requirement of a bona fide assessment had been intentionally disregarded by the taxing officers, to the prejudice of such landowner." *Otter Tail County v. Batchelder,* supra.

In the case of *People v. Chicago L. S. & E. R. Co.,* supra, the supreme court of Illinois say:

"* * * The taxpayer is entitled to the honest judgment of the person or persons elected or appointed to fix the values, and a tax founded on an assessment which from corrupt and malicious motives is made excessive or is rendered unequal or unfair by fraudulent practices of the officers, or whereby property is ar-

bitrarily assessed at too high a valuation, should not be sustained. First Nat. Bank v. Holmes, 246 Ill. 362, 92 N. E. 893; Sanitary District v. Gifford, 257 Ill. 424, 100 N. E. 953. It has been frequently held that excessive valuation of property, of itself, does not establish fraud. Burton Stock Car Co. v. Traeger, 187 Ill. 9, 58 N. E. 418, and cases cited. But it was also held in the Traeger Case that the attending circumstances may be looked into in order to determine whether or not the valuation was honestly made. See, also, to the same effect, State Board of Equalization v. People, 191 Ill. 528, 61 N. E. 339, 58 L. R. A. 513, and People v. Bourne, 242 Ill. 61, 89 N. E. 690. It has also been held that, where the valuation is so grossly out of the way as to show that the assessing body could not have been honest in its valuation and must reasonably have known that it was excessive, such fact is accepted as evidence of fraud on its part against the taxpayer. First Nat. Bank v. Holmes, supra; State Board of Equalization v. People, supra; Burton Stock Car. Co. v. Traeger, supra.''

\*   \*   \*   \*   \*

''On the record as it now stands we think the conclusion is inevitable that the increase in the assessed valuation of the property here in question by the State Board of Equalization was fixed arbitrarily by the railway committee of said board, and said report was arbitrarily approved by the board contrary to its regular rule in acting on such reports, and that therefore the objections of appellant as to the taxes in question should have been sustained as to five-sixths of said taxes.'' *People v. Chicago L. S. & E. R. Co.*, 286 Ill. 576 (122 N. E. 109).

■ The appeals taken from the orders of the boards of equalization to the circuit court, if pending when the statute authorizing such appeals was repealed, were terminated by such repeal and defendant Hamilton left without any remedy in that regard unless allowed to defend herein.

"It is settled that the repeal of a law conferring jurisdiction takes away all right to proceed, under the repealing statute, as to all actions, suits, or proceedings pending at the time of the repeal, unless there is a saving clause in the repealing statute, and this is so in an appellate as well as the court of original jurisdiction." *State v. Ju Nun,* 53 Or. 1, 8 (98 P. 513).

The decree of the circuit court is modified by setting aside and vacating the part of said decree foreclosing the certificate of delinquency upon appealing defendant's property and by reversing the order sustaining said demurrer to appealing defendant's answer; and this cause is remanded to the circuit court for such further proceedings, not inconsistent herewith, as are meet and proper.

Modified.