Argued and submitted October 9, reversed and remanded December 17, 1997

In the Matter of the Foreign Judgment of
## REESE, BAFFNEY, SCHRAG, SIEGEL AND HEDINE, P.S.,
a Washington Professional Service Corporation,
*Appellant,*

*v.*

## Arthur E. FULKERSON
and Cheryl A. Fulkerson,
husband and wife,
*Respondents.*

(FJ 93-12; CA A94101)

952 P2d 556

Maureen Leonard argued the cause and filed the brief for appellant.

No appearance for respondents.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

■   In this action to enforce a State of Washington money judgment, the trial court ruled that defendant Arthur Fulkerson's[1] underlying obligations represented by the judgment had been discharged in bankruptcy. Plaintiff appeals and we reverse.

Plaintiff is a law firm that performed legal services for defendant. Defendant filed for bankruptcy in 1989 and was discharged in 1990. In 1993, plaintiff obtained a money judgment against defendant in Washington State District Court for fees for the services. In 1996, plaintiff registered the Washington judgment in Umatilla County and sought a writ of execution to execute on defendant's property in Oregon. Defendant, citing ORS 18.420[2] as authority, moved to enjoin the enforcement on the ground that

> "the judgment [was] for a claim arising prior to the Bankruptcy petition and discharge of Defendant Arthur Fulkerson; as attorneys for Defendants, Plaintiff actually knew of and participated in the Bankruptcy proceedings, and therefore the pre-petition debt to Plaintiff was discharged by the Bankruptcy Court."

At an evidentiary hearing on the matter, defendant testified that "most" of the services were provided before he filed for bankruptcy. Nevertheless, plaintiff argued to the trial court that defendant was precluded from raising the defense of discharge in bankruptcy because the defense could have been raised in the Washington proceeding that led to the judgment. The trial court granted defendant's motion, and plaintiff appeals, assigning error to the trial court's ruling on the ground that

---

[1] The defendants in this case are husband and wife. At the time of the present litigation, they were apparently separated, and defendant Arthur Fulkerson alone retained counsel and defended against the execution on the Washington judgment. Therefore, we will refer to him as defendant throughout this opinion.

[2] ORS 18.420(1) provides, in part:

"Any person discharged from debts pursuant to the federal bankruptcy laws may file in any court or tribunal in which a judgment has at any time been rendered against a person, either before or after such discharge, a motion in the suit, action or proceeding for the discharge of the of the judgment from the record."

"defendants are foreclosed from contesting the debt they owe plaintiff. That debt was reduced to judgment after their bankruptcy in a proceeding in which defendants appeared and had a full opportunity to defend."

█ The doctrine of claim preclusion prohibits a defendant in an action on a judgment from raising a defense that might have been, or was, interposed in the original action in which the plaintiff prevailed. *Drews v. EBI Companies*, 310 Or 134, 140, 795 P2d 531 (1990) (citing with approval *Restatement (Second) of Judgments* § 18).[3]

During the evidentiary hearing, the order of discharge in bankruptcy and the Washington money judgment were before the trial court. Plaintiff unsuccessfully sought to introduce evidence about when the debt underlying the Washington judgment had accrued, including the law firm's billing records and the Washington court's written "Findings of Fact and Conclusions of Law." Referring to the "Findings of Fact and Conclusions of Law," which had been entered separately from the judgment and which was not registered with the judgment in Oregon, the trial court stated:

"The issue of res judicata or collateral estoppel or issue preclusion, as the Oregon Supreme Court now entitles it, is one which has to meet certain criteria. In this case, the record is scant, bare. I don't have a certified copy of the judge's decision in Walla Walla. I have very little information. The little information I do have leads me to only one conclusion, and that is, based on the order of discharge, I have no choice but to dismiss the—to grant [defendant's] motion."

The issue is whether plaintiff's failure to introduce evidence to controvert defendant's testimony that the services were furnished before the filing of the bankruptcy is fatal to its case. According to the order of discharge, defendant had already been discharged in bankruptcy at the time of the Washington action. Therefore, the defense of a discharge in bankruptcy was available to him at that time.[4] Consequently,

---

[3] *Restatement (Second) of Judgments* § 18(2) provides:

"In an action upon the judgment, the defendant cannot avail himself of defenses he might have interposed, or did interpose, in the first action."

[4] Wash Civ R 8(c) provides, in part:

"In pleading to a preceding pleading, a party shall set forth affirmatively * * * discharge in bankruptcy * * * and any other matter constituting an avoidance or affirmative defense."

when the underlying debt accrued is immaterial. Under the doctrine of claim preclusion, defendant was precluded from raising that defense in this action to enforce the judgment. The trial court erred by ruling otherwise.

Reversed and remanded.