Argued and submitted November 26, 2008, reversed and remanded with instructions to issue a peremptory writ of mandamus directing the county to pay the judgment for $1,150,000 in just compensation April 15, 2009

STATE ex rel Dorothy ENGLISH,
Deceased,
by and through Douglas James Sellers,
Personal Representative of
the Estate of Dorothy English, Deceased,
*Relator-Appellant,*

*v.*

MULTNOMAH COUNTY,
a public corporation
incorporated in the State of Oregon;
Carol Ford, in her capacity as
Director of the Department of County Management
for Multnomah County;
and Mindy Harris, in her capacity as
Finance Officer for Multnomah County,
*Defendants-Respondents.*

Multnomah County Circuit Court
070708042; A137217

206 P3d 224

D. Joe Willis argued the cause for appellant. With him on the briefs were Michael T. Garone, Andrew Lee, and Schwabe, Williamson & Wyatt, P.C.

Stephen L. Madkour, Assistant County Attorney, argued the cause for respondents. With him on the brief was Agnes Sowle, County Attorney.

Before Haselton, Presiding Judge, and Edmonds, Judge, and Rosenblum, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Relator Dorothy English appeals a judgment dismissing an alternative writ of mandamus against defendants.[1] English sought mandamus to compel defendant county to satisfy a final judgment for just compensation pursuant to ORS 197.352 (2005) (commonly known as Measure 37) that she had against the county in the amount of $1,150,000.[2] The trial court entered a judgment dismissing the alternative writ of mandamus on the ground that the compensation judgment was payable only at the county's discretion. We review for errors of law, *State ex rel Curry v. Thompson*, 156 Or App 537, 541, 967 P2d 522 (1998), *rev den*, 328 Or 365 (1999), and reverse and remand.

The material facts are essentially procedural and not in dispute. In December 2004, English filed a written demand with the county for $1,150,000 in just compensation pursuant to Measure 37.[3] The Board of County Commissioners responded in March 2005 by issuing its first order (the

---

[1] English brought the mandamus proceeding against defendants Multnomah County, Carol Ford in her capacity as Director of the Department of County Management for Multnomah County, and Mindy Harris in her capacity as Finance Officer for Multnomah County. English died after initiating an appeal from the judgment entered in the mandamus proceeding, and the Appellate Commissioner granted a motion to substitute the personal representative of English's estate as the real party in interest. ORCP 34 B(1); ORAP 8.05. Additionally, to explain the circumstances that gave rise to the mandamus proceeding, we must describe prior litigation between English and Multnomah County in which Ford and Harris were not named as defendants. Thus, for purposes of clarity, rather than refer to the parties based on their designations in the trial court, we simply refer to relator as "English" and defendants, either individually or collectively, as "the county."

[2] For ease of reference, throughout this opinion, we refer to the original proceeding as the "compensation proceeding" and the judgment obtained in that proceeding as the "compensation judgment."

[3] To provide context for our discussion of the facts, we pause briefly to describe Measure 37 in general terms. Ballot Measure 37 (2004) was codified as ORS 197.352 (2005). That statute was thereafter amended by Oregon Laws 2007, chapter 424, section 4, and renumbered as ORS 195.305 (2007). Throughout this opinion, all references to ORS 197.352 are to the 2005 version. As the Supreme Court explained in *Corey v. DLCD*, 344 Or 457, 460, 184 P3d 1109 (2008), Measure 37

"required public entities that enact and enforce land use regulations to pay a landowner whose property is affected by any such regulations 'just compensation,' which the statute generally defined as an amount equal to the 'reduction in the fair market value of the affected property interest' resulting from enforcement of any land use regulation enacted after the date of acquisition of the property by the landowner or a family member of the landowner. ORS 197.352(1) - (3) (2005). The provision authorized affected landowners to make a 'written demand for compensation' to the regulating entity, ORS 197.352(5),

2005 order), in which it waived some, but not all, regulations that applied to English's property. Thereafter, in May 2006, English filed a complaint for just compensation pursuant to ORS 197.352 in circuit court. Two days later, the board issued its second order (the 2006 order), in which it waived the land use regulations restricting the use of English's property except for (1) those regulations listed in the 2005 order that the county had determined that it would continue to enforce and (2) certain regulations "relating to health and safety and the procedure for application for land use approvals."

English moved for summary judgment, asserting that, as a matter of law, she was entitled to a judgment in the amount of $1,150,000 for just compensation under Measure 37 or, alternatively, that, if there were questions of fact as to the amount of just compensation that should be awarded, she was entitled to summary judgment on all liability issues. The county filed a cross-motion for summary judgment. The trial court granted English's motion for summary judgment as to all liability issues and denied the county's cross-motion.[4]

---

and stated that the compensation 'shall be due' when and if the land use regulations at issue continue to be enforced 180 days after the landowner made his or her written demand, ORS 197.352(4) (2005)."

Measure 37 also contained a provision that allowed the governing body to waive applicable land use regulations instead of paying compensation. ORS 197.352(8). Finally, as pertinent here, Measure 37 provided a landowner with a cause of action in circuit court:

"If a land use regulation continues to apply to the subject property more than 180 days after the present owner of the property has made written demand for compensation under this section, the present owner of the property, or any interest therein, shall have a cause of action for compensation under this section in the circuit court in which the real property is located, and the present owner of the real property shall be entitled to reasonable attorney fees, expenses, costs, and other disbursements reasonably incurred to collect the compensation."

ORS 197.352(6).

[4] In the mandamus proceeding, one of English's attorneys asked the trial court to take judicial notice of the filings in the compensation proceeding:

"Attached to this declaration * * * is a copy of the docket of Multnomah County's appeal in *English v. Multnomah County*, Multnomah County Case Number 0605-05243, from the Oregon Judicial Information Network (OJIN). By reference to this docket, plaintiff-relator English has [*sic*] this Court to take judicial notice of all filings in that case and to include them in the record in this case."

The case was ultimately set for trial; however, after the parties had filed their trial memoranda, they stipulated that "just compensation for the claim set forth in [English's] complaint is $1,150,000." Ultimately, in December 2006, the trial court entered the compensation judgment in favor of English "for just compensation pursuant to the provisions of ORS 197.352 in the sum of $1,150,000."[5]

The county timely appealed to this court. In mid-February 2007, the county filed a motion to dismiss its appeal. On the same day that the county filed that motion, the Board of County Commissioners issued its third order, describing the regulations that it would apply to English's property and the process that would be used to develop the property. We subsequently granted the county's motion to dismiss, and, in late February, issued an appellate judgment terminating the appeal. At that point, the county had exhausted its opportunity for appellate review, and the compensation judgment became final.

In May 2007—several months after the compensation judgment became final—the Board of County Commissioners issued its fourth and final order in this matter (the May 2007 order). That order superseded and replaced the county's prior orders and described the regulations that the county would apply to English's property and the process that would be used to develop the property. According to English, the county "still [had] not waive[d]" all relevant regulations in that order.

Nonetheless, English sought satisfaction of the money award in the compensation judgment pursuant to

---

In its order granting the county's motion to dismiss, the trial court indicated that it had considered the record in the compensation proceeding. Thus, the trial court file in that proceeding is part of the record before us on appeal.

The trial court file in the compensation proceeding, however, does not reveal the court's reasoning for granting English's motion for summary judgment as to liability. There is no letter opinion in the trial court file, and, although it appears that there was a hearing on the parties' summary judgment motions, there is no transcript of what occurred. Thus, we do not have the benefit of the trial court's reasoning, and we do not know what was essential to its rulings.

[5] In January 2007, the trial court entered a corrected judgment. The only difference between the two judgments was that the term "money judgment" in the original judgment was changed to "money award."

ORS 30.390, the statute governing the process for obtaining satisfaction of a judgment against a public corporation. The county, however, refused to pay.

English then initiated this mandamus proceeding. In her petition for mandamus, English recounted the pertinent history between the parties and asserted that

"[a]ny and all claims which [the county] may assert challenging the validity of the general money judgment are barred by the rule that a lawful final judgment is conclusive between the parties except on appeal. If [the county] had any challenge to the validity of the judgment, [the county] was required to raise that challenge first in the trial court and then on appeal."

According to English, "[b]ecause [the county] voluntarily dismissed its appeal * * * the general money judgment against [the county] is a final lawful judgment which is ripe for enforcement under ORS 30.390."

The county moved to dismiss the alternative writ of mandamus, asserting that, under ORS 197.352(8) and (10), it had complete discretion as to whether to satisfy the compensation judgment or to waive the applicable land use regulations.[6] The county argued that it retained the ability to avoid

---

[6] ORS 197.352(8) provided:

"Notwithstanding any other state statute or the availability of funds under subsection (10) of this section, in lieu of payment of just compensation under this section, the governing body responsible for enacting the land use regulation may modify, remove, or not * * * apply the land use regulation or land use regulations to allow the owner to use the property for a use permitted at the time the owner acquired the property."

ORS 197.352(10) further provided:

"Claims made under this section shall be paid from funds, if any, specifically allocated by the legislature, city, county, or metropolitan service district for payment of claims under this section. Notwithstanding the availability of funds under this subsection, a metropolitan service district, city, county, or state agency shall have discretion to use available funds to pay claims or to modify, remove, or not apply a land use regulation or land use regulations pursuant to subsection (6) of this section. If a claim has not been paid within two years from the date on which it accrues, the owner shall be allowed to use the property as permitted at the time the owner acquired the property."

the enforcement of a final monetary just compensation judgment either by declining to allocate funds to satisfy that judgment or by issuing a sufficient waiver. Specifically, the county asserted:

"(1)  Judgments obtained pursuant to ORS 197.352 are not executable because they are payable only 'from funds, if any, specifically allocated by' [the county]. ORS 197.352(10). The County has not allocated any funds for the payment of Measure 37 claims for compensation.

"(2)  The County has the right, 'in lieu of payment of just compensation' to 'modify, remove, or not to apply' land use regulations. ORS 197.352(8). By Order 07-105[—the May 2007 order—]approved by the Board of County Commissioners, [the county] has expressly exercised its discretion, 'in lieu of payment of compensation,' to waive land use regulations that restrict the use of [English's] property, with the exception of those health and safety regulations specifically exempted from ORS 197.352.

"(3)  [English's] sole remedy if her claim has not been paid within two years is to be allowed to use her property as permitted at the time she acquired the property. ORS 197.352(10). Under the measure, failure to pay the compensation within two years results in a waiver of any remaining offending land use regulations that have not been previously waived."

The trial court granted the county's motion to dismiss and entered a judgment in which the court "concluded that a judgment entered pursuant to ORS 197.352 is payable only at the discretion of the government, and that [English] cannot compel the payment of the judgment." English appeals.

On appeal, English argues, as she did to the trial court, that, because the compensation judgment "is final, both English's cause of action and any defenses that the County could have (or did) raise under ORS 197.352 were merged into that final judgment." Thus, according to English, "[t]he final judgment bars [the county] from raising any defenses [it] may have had to payment of just compensation to English." Alternatively, English contends that, "[e]ven if [the county] can overcome the claim preclusion bar and relitigate the County's rejected defenses to paying English just

compensation, nothing in ORS 197.352 makes English's final money judgment payable only at the County's discretion."

The county responds with three basic arguments. First, the county asserts that the appeal is moot in light of the passage of Ballot Measure 49 (2007).[7] Second, principles of claim preclusion do not prevent the county from "defending against [English's] efforts to collect the judgment by way of writ of mandamus." Third, the county contends that ORS 197.352 allows the county complete discretion despite the entry of the compensation judgment to either waive applicable land use regulations or pay just compensation.

■  Because it implicates our jurisdiction, we begin by addressing the county's contention that this appeal is moot. An appeal is moot if "resolving the merits of a claim will have no practical effect on the rights of the parties." *Corey v. DLCD*, 344 Or 457, 464, 184 P3d 1109 (2008). We understand the county to assert, by reference to *Corey*, that, because Measure 49 applies to English's Measure 37 claim, the compensation judgment that finally adjudicated that claim over nine months before the effective date of Measure 49 is deprived of continuing viability. Thus, the county contends that, if the judgment has no legal effect, any decision as to whether the county must satisfy the judgment can have no practical effect on the parties and, consequently, the appeal is moot.

Although the mootness analysis properly begins with the Supreme Court's decision in *Corey*, the county misapprehends the application of the principles stated in that case to the circumstances presented here. In *Corey*, the Supreme Court examined the text and context of Measure 49 and determined that "Measure 49 pertains to *all* Measure 37 claims, successful or not, and regardless of where they are in

---

[7] In January 2008, after Measure 49 became effective, the county filed a notice of probable mootness pursuant to ORAP 8.45. In July 2008, the Appellate Commissioner issued an order concluding that, because the compensation judgment became final before Measure 49 became effective, the present appeal was not moot. Although this issue was resolved against the county, it raised the issue again in its brief on appeal. *See* ORAP 7.15(3) (providing that, "[i]f any motion other than a challenge to the court's jurisdiction is denied before submission of the case, the motion may not be resubmitted without leave of the court in the order on the motion").

the Measure 37 process." 344 Or at 465 (emphasis in original). The court ultimately held that "Measure 49 by its terms deprives Measure 37 waivers—and *all* orders disposing of Measure 37 claims—of any continuing viability." *Id.* at 466-67 (emphasis in original). Thus, because DLCD's order in that case had no continuing viability, a decision by the Supreme Court as to whether this court or a circuit court had jurisdiction to review the order could have had no practical effect on the parties and the case was moot.

We recently applied *Corey* in *Cyrus v. Board of County Commissioners*, 226 Or App 1, 202 P3d 274 (2009). In *Cyrus*, the petitioners appealed a circuit court judgment essentially affirming an order of the Deschutes County Board of Commissioners that waived particular land use regulations. While the appeal was pending, Measure 49 became effective, and, like the Supreme Court in *Corey*, we were faced with determining whether the appeal was moot. The petitioners in *Cyrus* argued that our determination of the validity of the Measure 37 waiver would have a practical effect on the parties because it was a predicate to the argument that the waiver had vested under Measure 49. 226 Or App at 8. However, we concluded that the appeal was moot because, as the Supreme Court held in *Corey*, Measure 49 deprived all orders disposing of Measure 37 claims of continued viability, and the validity of the waiver could be litigated in a Measure 49 proceeding. *Cyrus*, 226 Or App at 13.

■       *Corey* and *Cyrus* are materially distinguishable in that, in those cases, unlike here, there had been no conclusive adjudication of the predicate Measure 37 claims.[8] Bluntly: No final judgments conclusively adjudicating those underlying claims had been entered. Under those circumstances, in which the dispute involving the predicate Measure 37 waivers was ongoing, Measure 49 superseded the existing Measure 37 claims and required the parties to proceed under the new standards in Measure 49 to determine their rights. Consequently, appellate review of decisions concerning the

---

[8] *Cf. Pete's Mountain Homeowners Assn. v. Clackamas Cty.*, 227 Or App 140, 150, 204 P3d 802 (2009) (reasoning that, in a case involving ongoing litigation concerning a subdivision application based on a Measure 37 waiver, Measure 49 governed the petitioners' Measure 37 claim).

Measure 37 claims would have had no practical effect on the parties.

■    The county characterizes the current appeal as part of the ongoing adjudication of English's Measure 37 claim. However, in this case, unlike in *Corey* and *Cyrus*, there is no Measure 37 claim that can be superseded by Measure 49. That is so because "once a claim is reduced to a judgment, the claim is extinguished because it is 'merged' into the judgment and rights upon the judgment are substituted for the former claim." *Barrett and Barrett*, 320 Or 372, 378, 886 P2d 1 (1994). *See Restatement (Second) of Judgments* § 18 comment a (1982) ("When the plaintiff recovers a valid and final personal judgment, his original claim is extinguished and rights upon the judgment are substituted for it. The plaintiff's original claim is said to be 'merged' in the judgment.").

Here, English obtained a valid (and ultimately final) personal judgment against the county, providing that the county owed English $1,150,000 in just compensation pursuant to ORS 197.352. Any right to obtain appellate review of that compensation judgment expired in February 2007—that is, over nine months before the effective date of Measure 49—when the county moved to dismiss its appeal and we issued the appellate judgment. At that point, the Measure 37 claim for just compensation was extinguished, but English was left, by way of the consequent "merger" and "substitution," *see Barrett*, 320 Or at 378, with a final judgment and the right to enforce it.

This appeal arose from English's enforcement activities—that is, English's attempts to compel the county to satisfy the compensation judgment by seeking a writ of mandamus. This is not an appeal concerning an existing Measure 37 claim. For that reason, our determination whether the county must pay the compensation judgment will have a practical effect on the rights of the parties. Consequently, the appeal is not moot.[9]

---

[9] Relatedly, the county also argues that, because "[a] claim for relief fails if it is not supported by some law" and because Measure 37 "has been effectively repealed by the passage of Measure 49," English no longer states a claim for compensation—that is, her claim "is extinguished"—and we must vacate the compensation judgment, and she must seek relief under Measure 49. In support of its argument, the county invokes cases stating that the repeal of a law conferring jurisdiction

■ Having determined that the appeal is justiciable, we turn to the merits. English assigns as error the trial court's refusal to issue a writ of mandamus to compel satisfaction of the compensation judgment. She contends that claim preclusion bars the county from raising various defenses to the enforcement of the judgment in the mandamus proceeding because the county could have raised—and, in some instances, did raise—those defenses in the compensation proceeding.

■ The Supreme Court summarized the applicable principles in *Rennie v. Freeway Transport*, 294 Or 319, 323, 656 P2d 919 (1982):

> "[A] plaintiff who has prosecuted one action against a defendant through to a final judgment binding on the parties is barred on *res judicata* grounds from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action."

The doctrine of "[c]laim preclusion applies equally to a defendant's defense." *Drews v. EBI Companies*, 310 Or 134, 140, 795 P2d 531 (1990); *see Reese, Baffney, Schrag v. Fulkerson*, 151 Or App 580, 583, 952 P2d 556 (1997) (stating that "[t]he doctrine of claim preclusion prohibits a defendant in an action on a judgment from raising a defense that might have been, or was, interposed in the original action in which the plaintiff prevailed"). Thus, as the Supreme Court explained in *Drews*,

> "claim preclusion requires that specified characteristics be present in the former action or proceeding before the determination is conclusive on the parties in the future. The opportunity to litigate is required, whether or not it is used.

eliminates the right to proceed in any pending proceedings. *See, e.g., Clatsop County v. Or. Amer. Lbr. Co.*, 155 Or 551, 555, 65 P2d 1 (1937).

Regardless of the abstract validity of the county's argument, it is inapposite here. As we explained in determining that this appeal is not moot, by the time that Measure 49 became effective, the compensation judgment was final and English's Measure 37 claim had been extinguished. Thus, there is no existing Measure 37 claim or pending Measure 37 proceeding that can be affected by Measure 49.

> Finality is also required. Where there is an opportunity to litigate the question along the road to the final determination of the action or proceeding, neither party may later litigate the subject or question."

310 Or at 140 (citations omitted).

We understand the county to contend that claim preclusion does not apply, because, in the compensation proceeding, it did not have the opportunity to litigate various enforcement-related matters that it ultimately raised in the mandamus proceeding. Those matters included contentions that, because of the operation of ORS 197.352, English could not compel payment of the judgment because (1) the county could issue an effective post-judgment waiver instead of paying compensation; (2) if the county failed to pay the just compensation within two years, any applicable land use regulations that had not been waived were waived by operation of law and the property owner could use his or her property as permitted at the time that he or she acquired the property; and (3) payment of just compensation was conditioned on the county's allocation of funds for the purpose of paying Measure 37 claims. *See* 227 Or App at 425 (setting out county's arguments in support of dismissal of mandamus petition). The gravamen of the county's position is that it had no opportunity in the compensation proceeding to litigate whether it was liable to *pay* just compensation. We disagree.

As previously noted, English moved for summary judgment in the compensation proceeding, asserting that, as a matter of law, she was entitled to a judgment in the amount of $1,150,000 for just compensation under Measure 37 or, alternatively, that, if there were questions of fact as to the amount of just compensation that should be awarded, she was entitled to "summary judgment on all liability issues" on her claim. Thus, the plain language of the summary judgment motion clearly indicated that the issue to be litigated was the county's liability to pay just compensation.

Moreover, the evolution of the parties' arguments during the compensation proceeding clearly indicates that the county had the opportunity to litigate whether it was liable to pay English just compensation. In opposition to English's motion and in support of its own cross-motion for

summary judgment, the county asserted that English "ha[d] no viable claim for compensation under the statute" because it had waived all regulations that restricted the use of English's property. In other words, the county's position was that, because it had waived all applicable regulations, it was not liable to pay just compensation. Nonetheless, the trial court in the compensation proceeding granted English's summary judgment motion as to all liability issues.

After the trial court granted summary judgment for English, the case was scheduled for trial to determine the amount of compensation. At that point, the effectiveness of the 2006 order—that is, the effectiveness of a waiver more than 180 days after English filed her demand for compensation—was clearly presented as an issue that the court needed to resolve at trial. As the county indicated in its pretrial filings, the court would need to decide "[w]hether [it] should consider the 2006 order, or the 2005 order when determining just compensation."[10] The county argued:

> "Measure 37 does not set any time limit by which a public body must waive land use regulations. The statute allows a landowner to file a claim for compensation 180 days after the landowner submits a written demand for compensation where a public body continues to enforce a qualifying land use regulation against the property. ORS 197.352(6). However[,] the 180 day provision only provides the date when a plaintiff's claim accrues; it does not require a public body to act within the time period, nor does it provide that the public body loses the right to do so."

(Footnote omitted.) English took the opposing view in her trial memorandum:

> "For purposes of determining the amount of just compensation, the 2006 Order is not relevant and not admissible.
>
> "The public entity enacting or enforcing the land use regulations against the subject property has 180 [days] in which to waive the regulations. ORS 197.352(4). After 180 days has passed a claim accrues. Any action taken by the

---

[10] As noted, *see* 227 Or App at 421-22, the 2005 waiver was issued within 180 days after English's demand for compensation, but the 2006 waiver was issued more than 180 days after English's demand.

County after that time to waive further regulations, or for any other purpose, is not relevant. [English's] Measure 37 claim was filed on December 2, 2004. The 180 day time period expired on May 31, 2005. The 2006 Order was not issued until May 18, 2006, almost a full year after the deadline.

"To the extent that the County argues that the 2006 Order waives additional restrictions not already waived in the 2005 Order and proposes that the 2006 Order should be considered in the determination of just compensation, such evidence is inadmissible and irrelevant.

"* * * * *

"* * * The 2006 Order is only relevant to the extent that it shows that the County had not waived all regulations at the time of its 2005 Order. Any contrary argument by the County amounts to an impermissible request to have a rehearing of issues previously addressed and resolved by this court on summary judgment."

Nonetheless, after the parties had filed their trial memoranda, they stipulated that the amount of "just compensation for the claim set forth in [English's] complaint is $1,150,000," and the case did not proceed to trial.

At that point, the county objected to English's form of judgment and sought to include wording that would have limited its obligation to pay the compensation judgment and English's rights to enforce it. Specifically, the county advocated for wording that indicated that, pursuant to ORS 197.352(10), the judgment was payable only from funds, if any, specifically allocated by the county for the payment of Measure 37 claims.[11] The trial court did not include that condition in the compensation judgment. Instead, the trial court issued the judgment in favor of English "for just compensation pursuant to the provisions of ORS 197.352 in the sum of $1,150,000." As previously discussed, the county did not ultimately pursue any appeal challenging the compensation judgment, including the trial court's failure to include the condition that the county had urged.

_____
[11] Because we are unable to locate English's and the county's proposed forms of judgment in the trial court file, we do not know the specific wording for which each advocated in their respective forms of judgment.

In sum, the evolution of the parties' positions during the compensation proceeding demonstrates that they understood that they had the opportunity to litigate the following matters: (1) whether the county was liable to pay just compensation to English; (2) whether the county could issue an effective waiver more than 180 days after English had filed her written demand for compensation, which would have included a post-judgment waiver; and (3) whether, as the county now asserts in its third argument on appeal, ORS 197.352(10) made the county's obligation to pay the judgment conditional. Thus, the county had an opportunity in the compensation proceeding to litigate the same matters regarding the operation of ORS 197.352 that it now asserts preclude liability for payment of the just compensation judgment. For that reason, the county was precluded from litigating those matters in the mandamus proceeding.

■        Finally, to the extent that the county is arguing that, regardless of the application of claim preclusion principles, the trial court correctly determined that, pursuant to ORS 197.352, the compensation judgment is payable only at the county's discretion, we disagree. The text and context of ORS 197.352—specifically ORS 197.352(8) and (10), *see* 227 Or App at 424 n 6—demonstrate that the provisions concern Measure 37 claims, not judgments, and, as we have already concluded, English's Measure 37 claim was extinguished when the compensation judgment became final. Consequently, for all of the reasons stated above, the trial court erred in dismissing the alternative writ of mandamus on the ground that a judgment entered pursuant to ORS 197.352 is payable at the county's discretion.

Reversed and remanded with instructions to issue a peremptory writ of mandamus directing the county to pay the judgment for $1,150,000 in just compensation.