Argued and submitted May 21, judgments vacated; remanded for entry of judgments dismissing plaintiffs' claims June 24, 2009

Virginia Louise BLEEG,
*Plaintiff-Respondent,*

*v.*

METRO,
a political subdivision of the State of Oregon,
*Defendant-Appellant.*

Clackamas County Circuit Court
CV07050101; A137601 (Control)

Darrin BLACK,
*Plaintiff-Respondent,*

*v.*

METRO,
a political subdivision of the State of Oregon,
*Defendant-Appellant.*

Clackamas County Circuit Court
CV06080473; A137602

Roger J. MIRACLE
and Ann M. Miracle,
*Plaintiffs-Respondents,*

*v.*

METRO,
a political subdivision of the State of Oregon,
*Defendant-Appellant.*

Clackamas County Circuit Court
CV06110417; A137603

Harold S. MacLAUGHLAN·
and Rebeca MacLaughlan,
*Plaintiffs-Respondents,*

*v.*

METRO,
a political subdivision of the State of Oregon,
*Defendant-Appellant.*

Clackamas County Circuit Court
CV06120406; A137604

211 P3d 302

Richard P. Benner argued the cause for appellant. With him on the briefs was Office of Metro Attorney.

Barton C. Bobbitt and Jeannette L. Moore argued the cause for respondents. With them on the joint brief were Kevin J. McKearney and Ambrose Law Group, LLC, and Ivan M. Karmel, P.C.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Defendant Metro, a metropolitan service district, appeals corrected general judgments that awarded plaintiffs just compensation pursuant to ORS 197.352 (2005) (commonly known as Measure 37).[1] On appeal, Metro raises three assignments of error concerning (1) the trial court's entry of its corrected general judgments *nunc pro tunc* to December 5, 2007—the day before Measure 49 became effective—to avoid the effect of the measure; (2) the trial court's conclusion that ORS 197.352 did not authorize Metro's "methods for determining whether its regulations reduced the fair market values of [plaintiffs'] properties"; and (3) the trial court's determination that Metro's "regulations had the effect of reducing the fair market values of [plaintiffs'] properties" and its corresponding awards of just compensation. Because we conclude that plaintiffs' cases were not justiciable after the enactment of Measure 49, we do not reach the merits of the assignments of error raised by Metro on appeal. Accordingly, we vacate the trial court's judgments and remand for entry of judgments dismissing plaintiffs' claims as moot.

The operative procedural facts are undisputed. Plaintiffs own properties that are subject to a Metro ordinance that (1) brought the properties into the regional urban growth boundary, (2) designated the properties for industrial or urban residential development, and (3) applied a temporary 20-acre minimum lot size that would remain in place until the responsible local governments adopted comprehensive plan provisions governing urban development. Because of the effect of those regulations, plaintiffs, pursuant to ORS 197.352, filed written demands for just compensation with

---

[1] To provide context for our discussion, Ballot Measure 37 (2004), which was codified as *former* ORS 197.352 (2005), *amended by* Oregon Laws 2007, chapter 424, section 4, *renumbered as* ORS 195.305 (2007), provided, generally, that public entities that enacted or enforced land use regulations that adversely affected the fair market value of a claimant's property either had to pay just compensation or waive the offending regulations. In 2007, the voters passed Ballot Measure 49, Oregon Laws 2007, chapter 424, which "extinguish[ed] and replace[d] the benefits and procedures that Measure 37 granted to landowners." *Corey v. DLCD*, 344 Or 457, 465, 184 P3d 1109 (2008). Throughout this opinion, all references to ORS 197.352 are to the 2005 version of that statute.

Metro. After Metro denied those claims for just compensation, plaintiffs filed actions in circuit court pursuant to ORS 197.352(6).[2]

Ultimately, on December 5, 2007, the trial court entered a general judgment that awarded plaintiffs just compensation in the amount of $14,818,158. The next day, on December 6, Measure 49 became effective. Then, on December 7, the trial court entered corrected general judgments that added a money award to the judgment for each plaintiff. Those judgments included a notation that they were *nunc pro tunc* to December 5.[3] Thereafter, Metro appealed.

■      The dispositive issue is whether plaintiffs' cases remain justiciable. As the Supreme Court stated in *Corey v. DLCD*, 344 Or 457, 464, 184 P3d 1109 (2008), "[i]f it becomes clear in the course of a judicial proceeding that resolving the merits of a claim will have no practical effect on the rights of the parties, this court will dismiss the claim as moot." In this court, the parties filed memoranda of additional authorities addressing the issue of justiciability—namely, whether the cases are moot. Plaintiffs cite *State ex rel English v. Multnomah County*, 227 Or App 419, 206 P3d 224 (2009) (*English I*), in support of their argument that this matter is not moot. Specifically, plaintiffs contend that, as in *English I*, plaintiffs' Measure 37 claims for just compensation merged into the trial court's judgments; thus, this appeal does not concern pending Measure 37 claims, and we should resolve the merits of the issues raised on appeal. Metro counters that

> "*English [I]* says a Measure 37 claim is extinguished ('merged' into the circuit court judgment) and not affected by Measure 49 after any right to appellate review has

_____

[2] ORS 197.352(6) provided:

"If a land use regulation continues to apply to the subject property more than 180 days after the present owner of the property has made written demand for compensation under this section, the present owner of the property, or any interest therein, shall have a cause of action for compensation under this section in the circuit court in which the real property is located, and the present owner of the real property shall be entitled to reasonable attorney fees, expenses, costs, and other disbursements reasonably incurred to collect the compensation."

[3] Because we conclude that the trial court's judgments lacked continuing viability, we need not address the parties' arguments concerning the effect of the trial court's *nunc pro tunc* notation.

expired. That is what happened in the *English [I]* case: Multnomah County voluntarily dismissed its appeal of a circuit court compensation judgment. In this case, * * * Metro filed a timely appeal of the circuit court compensation judgment, and that appeal is now before this court. There is no final judgment in this case.

"* * * Because there is no final judgment in this case, the circuit court judgment before the court *is* affected by passage of Measure 49. This court should remand this case to the circuit court with instructions to dismiss it as moot by passage of Measure 49."

(Footnote omitted; emphasis in original.) We understand Metro to contend that, because the corrected general judgments that are the subject of this appeal lacked continuing viability after the enactment of Measure 49, plaintiffs' cases are no longer justiciable and we should exercise our jurisdiction to make that determination and vacate the trial court's judgments and direct that court to dismiss plaintiffs' Measure 37 claims. We agree with Metro that, under the Supreme Court's and our case law, plaintiffs' cases are no longer justiciable.

Because it is the basis for the parties' contentions concerning justiciability, we begin by addressing the application of *English I* to this case. In *English I*, a landowner, English, obtained a judgment for just compensation against the defendant county. 227 Or App at 423. Although the county appealed that compensation judgment, it ultimately dismissed its appeal. *Id.* Thereafter, the county refused to satisfy the compensation judgment, and English sought a writ of mandamus to compel payment. *Id.* at 424. After the trial court dismissed the alternative writ of mandamus, English appealed. *Id.* at 425.

In rejecting the county's contention that the appeal was moot in light of the passage of Measure 49, we summarized the case law addressing the effect of Measure 49 on the justiciability of pending appeals:

"In *Corey*, the Supreme Court examined the text and context of Measure 49 and determined that 'Measure 49 pertains to *all* Measure 37 claims, successful or not, and regardless of where they are in the Measure 37 process.' 344

Or at 465 (emphasis in original). The court ultimately held that 'Measure 49 by its terms deprives Measure 37 waivers—and *all* orders disposing of Measure 37 claims—of any continuing viability.' *Id.* at 466-67 (emphasis in original). Thus, because DLCD's order in that case had no continuing viability, a decision by the Supreme Court as to whether this court or a circuit court had jurisdiction to review the order could have had no practical effect on the parties and the case was moot.

"We recently applied *Corey* in *Cyrus v. Board of County Commissioners*, 226 Or App 1, 202 P3d 274 (2009). In *Cyrus*, the petitioners appealed a circuit court judgment essentially affirming an order of the Deschutes County Board of Commissioners that waived particular land use regulations. While the appeal was pending, Measure 49 became effective, and, like the Supreme Court in *Corey*, we were faced with determining whether the appeal was moot. The petitioners in *Cyrus* argued that our determination of the validity of the Measure 37 waiver would have a practical effect on the parties because it was a predicate to the argument that the waiver had vested under Measure 49. 226 Or App at 8. However, we concluded that the appeal was moot because, as the Supreme Court held in *Corey*, Measure 49 deprived all orders disposing of Measure 37 claims of continued viability, and the validity of the waiver could be litigated in a Measure 49 proceeding. *Cyrus*, 226 Or App at 13."

*English I*, 227 Or App at 426-27.

Based on those cases, we reasoned in *English I* that, when the county dismissed its appeal from the compensation judgment, resulting in the issuance of the appellate judgment several months before the effective date of Measure 49, the county had exhausted any opportunity for appellate review. 227 Or App at 428. Accordingly, English had a judgment that (1) adjudicated her Measure 37 claim for just compensation long before the effective date of Measure 49 and (2) was not subject to judicial revision. *Id.* Under those circumstances, English's claim for just compensation merged into that judgment and was extinguished; thus, "English was left, by way of the consequent 'merger' and 'substitution' with a final judgment and the right to enforce it." *Id.* (citation omitted). Ultimately, we concluded:

"This appeal arose from English's enforcement activities—that is, English's attempts to compel the county to satisfy the compensation judgment by seeking a writ of mandamus. This is not an appeal concerning an existing Measure 37 claim. For that reason, our determination whether the county must pay the compensation judgment will have a practical effect on the rights of the parties. Consequently, the appeal is not moot."

*Id.*

We recently applied our holding in *English I* in a related case, *English v. Multnomah County*, 229 Or App 15, 209 P3d 831 (2009) (*English II*). In *English II*, the county appealed the supplemental judgment that awarded English attorney fees, expenses, and costs under Measure 37. We noted that the county appeared to contend that, "because Measure 49 applies to all Measure 37 claims, the supplemental judgment that awarded English attorney fees and costs under Measure 37 is deprived of continuing viability" and rendered the appeal moot. *English II*, 229 Or App at 24.

We rejected that argument and concluded that the appeal was *not* moot. In so holding, we articulated a basic principle derived from *Corey* and *Cyrus* that was the foundation of our holding in *English I*: "When the dispute involving a predicate Measure 37 claim for just compensation is ongoing (whether in another forum or on appeal), Measure 49 supersedes the Measure 37 claim and requires the parties to proceed under the new standards in Measure 49 to determine their rights." *English II*, 229 Or App at 26.

Applying that principle to this case, we conclude that plaintiffs' cases are not justiciable. Here, unlike in *English I* and *English II*, the dispute involving plaintiffs' Measure 37 claims for just compensation was ongoing as of the time that Measure 49 became effective—indeed that ongoing dispute about plaintiffs' Measure 37 claims for just compensation is the subject of this appeal. Thus, Measure 49 supersedes those Measure 37 claims and deprives the trial court's judgments in this case of continuing viability. *See Corey*, 344 Or at 466-67 (so holding). For that reason, any resolution by this court of the issues raised on appeal will have no practical effect on the parties. Accordingly, we conclude that plaintiffs' cases

are no longer justiciable. *Olson v. DLCD*, 220 Or App 77, 184 P3d 1220 (2008) (vacating trial court's judgments and remanding case to trial court to enter a judgment dismissing the plaintiff's Measure 37 claim because the case was no longer justiciable after the enactment of Measure 49).

Judgments vacated; remanded for entry of judgments dismissing plaintiffs' claims.