No. 756　　　　　October 23, 2024　　　　　633

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Darrin BLACK,
*Petitioner-Appellant,*

*v.*

METRO,
a political subdivision of the State of Oregon,
*Respondent-Respondent.*

Clackamas County Circuit Court
22CV44138; A181559

Michael C. Wetzel, Judge.

Argued and submitted July 2, 2024.

Darrin Black argued and filed the briefs *pro se.*

Roger A. Alfred argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Plaintiff appeals a general judgment of dismissal entered after the trial court concluded that his claims for declaratory relief were barred by claim preclusion.[1] Plaintiff raises one assignment of error and makes several arguments in support of that assignment. We affirm.

"We review the trial court's conclusions with respect to preclusion for errors of law. The doctrines of claim preclusion, issue preclusion, and law of the case have the shared purposes of preventing harassment by successive proceedings, preventing inconsistent adjudications, and promoting economy of resources in the adjudicative process." *OEA v. Oregon Taxpayers United*, 253 Or App 288, 299-300, 291 P3d 202 (2012) (citations omitted).

This case is before us for a second time. Plaintiff and defendant, a metropolitan service district, began litigating this case more than 15 years ago. *Bleeg v. Metro*, 229 Or App 210, 213, 211 P3d 302 (2009), *rev den* 349 Or 56 (2010), *cert den*, 563 US 1033 (2011). Because defendant's regulations affected plaintiff's property, plaintiff and other affected property owners "filed written demands for just compensation with [defendant]." *Id.* at 213-14. "After [defendant] denied those claims for just compensation, plaintiffs filed actions in circuit court pursuant to ORS 197.352(6)." *Id.* at 214. *Former* ORS 197.352 (2005), *amended by* Or Laws 2007, ch 424, § 4, *renumbered as* ORS 195.305 (2007), *amended by* Or Laws 2013, ch 279, § 1, was the codification of Ballot Measure 37 (2004). *Id.* at 213 n 1. Ballot Measure 37 "provided, generally, that public entities that enacted or enforced land use regulations that adversely affected the fair market value of a claimant's property either had to pay just compensation or waive the offending regulations." *Id.*

"[T]he trial court entered a general judgment that awarded plaintiffs just compensation in the amount of $14,818,158." *Id.* at 214. Measure 49 (2007) took effect the next day. *Id.* That measure "extinguish[ed] and replace[d] the

---

[1] In his 2022 and 2023 filings, appellant identified himself as "Plaintiff/ Petitioner" and respondent as "Defendant/Respondent." For purposes of this nonprecedential memorandum opinion, we address appellant as "plaintiff" and respondent as "defendant."

benefits and procedures that Measure 37 [had] granted to landowners." *Id.* at 213 n 1 (internal quotation marks omitted). The following day, "the trial court entered corrected general judgments that added a money award to the judgment for each plaintiff." *Id.* at 214. Defendant appealed. *Id.*

We concluded that the cases were not justiciable, vacated the judgments, and remanded for entry of judgments dismissing the claims. *Id.* at 217-18. We explained:

> "[T]he dispute involving plaintiffs' Measure 37 claims for just compensation was ongoing as of the time that Measure 49 became effective—indeed that ongoing dispute about plaintiffs' Measure 37 claims for just compensation is the subject of this appeal. Thus, Measure 49 supersedes those Measure 37 claims and deprives the trial court's judgments in this case of continuing viability."

*Id.* at 217.

In 2022, plaintiff filed a petition seeking "declaratory judgment and relief, and reinstatement, ratification and confirmation of the money judgment previously entered by the court." Plaintiff asserted four claims. First, plaintiff alleged that "the trial court should *** reaffirm the basis and merits of the court's findings and judgments previously issued by the trial court in spite of the Court of Appeals' mandate that the trial court issue a judgment dismissing [plaintiff's] claims" because we had "never reached a determination of the issues raised on appeal by [defendant]." Second, plaintiff alleged that our decision to vacate the judgments "without reviewing the merits of [plaintiff's] claim and the assignments of errors presented on appeal" violated his rights under the state and federal constitutions. Third, plaintiff alleged that we violated his constitutional rights when we determined that Measure 49 extinguished his Measure 37 claims. According to plaintiff, his Measure 37 claim "merged into the trial court's judgments" so defendant's appeal "did not involve a pending Measure 37 claim." Finally, plaintiff alleged that "the trial court's general judgment and corrected money award issued in this case was justiciable and not rendered moot."

Defendant filed a motion to dismiss and argued, among other things, that claim preclusion barred plaintiff's

claims. Relying on *Lincoln Loan Co. v. City of Portland*, 340 Or 613, 136 P3d 1 (2006), the trial court concluded that the doctrine of claim preclusion applied, granted defendant's motion, and entered a general judgment of dismissal with prejudice. Plaintiff appealed.

Because they are dispositive, we begin with plaintiff's arguments that his claims are not barred by claim preclusion and that the trial court erred in relying on *Lincoln Loan*. "To bring a declaratory judgment action, a plaintiff must allege that its 'rights, status or other legal relations are affected' by, *inter alia*, a constitutional provision or statute." *Id.* at 619 (quoting ORS 28.020). As relevant here, "[u]nder the doctrine of claim preclusion, no party to that action *** may subsequently litigate a claim that is encompassed within that adjudication." *OEA*, 253 Or App at 300. A "[c]laim includes all rights or remedies between the parties with respect to all or any part of a transaction, or series of connected transactions, out of which the action arose." *Id.* (internal quotation marks omitted). Thus, "[c]laim preclusion does not require that an issue of law or fact be *actually litigated* nor that the determination of an issue be essential to the final or end result of the proceeding." *Id.* (internal quotation marks omitted and emphasis added).

We conclude that the trial court did not err. The only claims that plaintiff asserts arise from our decision that vacated the 2007 judgments. *Cf. Lincoln Loan*, 340 Or at 619. ("[T]he only claim that plaintiff asserts in its complaint in this action arises from the Court of Appeals' reversal of the 1995 judgment and the subsequent entry of a final judgment in defendant's favor."). Further, plaintiff "seeks to restore the effect" of the 2007 judgments by raising constitutional challenges that he *could have raised* before us or the Supreme Court in the prior case. *Id.* Therefore, the trial court did not err when it concluded that, like in *Lincoln Loan*, claim preclusion barred plaintiff's claims. *See id.* at 620 (concluding that claim preclusion applied when the plaintiff raised claims that "could have been raised and litigated in the prior case.").

Affirmed.